IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK BYRD                                                                                          PLAINTIFF

        v.                              Civil No. 12-2285

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Mark Byrd, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his SSI application in July 2010, alleging disability due to club feet, knee problems, lazy eye, depression, and allergies. Tr. 121-124, 138, 177-178. The Commissioner denied Plaintiff's applications initially and on reconsideration. An administrative hearing was held on May 18, 2011. Tr. .23-74. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 27 years old and possessed a high school education. Tr. 121, 139-140. He had past relevant work ("PRW") experience as a dishwasher and packager.

On October 13, 2011, the ALJ found Plaintiff's deformity of the bilateral feet, disorder of the left knee, and anxiety disorder to be severe, but concluded they did not meet or medically

equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to perform sedentary work requiring only occasional climbing (ramps and stairs), balancing, stooping, kneeling, crouching and crawling. Tr. 24-29. He also determined that Plaintiff could not climb ladders, scaffolds, or ropes, and he could only perform simple, routine and repetitive tasks involving only simple work-related decisions, with few, if any, work place changes. Tr. 13-17. With the assistance of a vocational expert, the ALJ concluded that Plaintiff could perform work as a cleaner, small products assembler, and inspector/tester. Tr. 30.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 18, 2012. Tr. 1-6, 14-16. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-

(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the ALJ determined that Plaintiff could perform sedentary work involving occasional climbing, balancing, stopping, kneeling, crouching, and crawling. However, the evidence of record reveals that Plaintiff suffered from a significant impairment of

4

his left knee and bilateral club foot deformity. On May 25, 2011, he was evaluated by orthopedist by Ted Honghiran. Tr. 324 -327. The examination revealed a torn meniscus in the left knee with tenderness along the medial joint. Plaintiff's knee was both painful and unstable when he walked. Tr. 326. His feet also showed evidence of bilateral planovalgus deformity from residual congenital club foot deformity. As a result, Plaintiff was noted to walk with a "limp on both feet". Dr. Honghiran diagnosed Plaintiff with a history of injuring his left knee in the form of a torn meniscus. He recommended an MRI scan to confirm the diagnosis and arthroscopic surgery to correct the problem. However, without surgery, Dr. Honghiran did not think Plaintiff would be able to return to work.

The ALJ did acknowledge Dr. Honghiran's exam, but dismissed it in favor of a 2009 general physical exam indicating Plaintiff had a steady gait, could squat and arise from a squatting position, and could walk on heel and toes with difficulty. He did not, however, provide his reasons for crediting the 2009 assessment over Dr. Honghiran's 2011 opinion. We note that greater weight is generally afforded to the opinion of a specialist about medical issues in his area of specialty, than to the opinion of a non-specialist. *Brown v. Astrue*, 611 F.3d 941, 953 (8th Cir. 2010) (quoting *Thomas v. Barnhart*, 130 Fed. Appx. 62, 64 (8th Cir. 2005) (unpublished per curiam); 20 CFR §§ 404.1527(d)(5), 416.927(d)(5). Additionally, we can ascertain no evidence that Plaintiff retained these abilities after injuring his knee in 2011. Accordingly, remand is necessary to allow the ALJ to reevaluate Plaintiff's physical RFC in light of Dr. Honghiran's evaluation.

Specifically, tt appears clear to the undersigned that Plaintiff's ability to climb (even stairs), squat, balance, stoop, kneel, and crawl would be impacted by his torn meniscus. These

activities might also be further impacted when combined with the limitations imposed by his bilateral club foot deformity. And, we note that sedentary work requires the ability to occasionally crouch and stoop. *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (person would not need to crouch and would need to stoop only occasionally to perform substantially all sedentary and light jobs). Therefore, the undersigned should recontact Dr. Honghiran to obtain an RFC assessment indicating Plaintiff's ability to perform all the demands of sedentary work.

### IV. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)